UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **BOBBY CRAWFORD,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0257 AS |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about May 2, 2005, *pro se* petitioner, Bobby Crawford, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 22, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Response on August 29, 2005, which this court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding entitled cause number

The court is familiar with *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993) with regard to calling witnesses in the prisoner disciplinary process. Certainly there is no right to confront or cross-examine witnesses. That has been decided in this court and in the Court of Appeals in this circuit numerous times. This petitioner was

granted one postponement to obtain his medical records for the hearing and apparently did not get the records before the CAB. This CAB relied on staff reports as well as this petitioner's own statement and the report of AIT Laboratories indicating the presence of marijuana and THC-COOH. The Attorney General has placed before this Court a series of documents designated A through H, both inclusive, which explicate in great detail the proceedings involved. In addition, a four-page handwritten document purportedly in the handwriting of this petitioner was filed in this court on August 29, 2005 and dated 8/25/05. It is described as a statement of relevant facts. This court does not bottom any decision here on harmless error.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The ADP is under the rubric of state law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

There is some talk here of chain of custody as described in *Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000). It is suggested that *Webb* overrules *Wykoff v. Resig*, 613 F.Supp. 1504 (N.D. Ind. 1985), *aff'd by unpub. order,* 819 F.2d 1143 (7th Cir. 1987), and this court will leave one for another day and another court. It seems that the discussion of chain of custody in *Webb* at 224 F.3d, pps. 652-653 are adequate for

purposes of this proceeding.  When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

   **DATED:**  September 6, 2005

                                             S/ ALLEN SHARP
                                             **ALLEN SHARP, JUDGE**
                                             **UNITED STATES DISTRICT COURT**